(No. 30211.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LARRIE L. DEL VEAWGO, Plaintiff in Error.

*Opinion filed January 22, 1948—Rehearing denied March 11, 1948.*

Larrie L. Del Veawgo, *pro se.*

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (John T. Gallagher, W. S. Miroslawski, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff in error, Larrie L. Del Veawgo, in October, 1943, was found guilty of robbery unarmed, by the criminal court of Cook County in a trial by the court without a jury. The indictment contained counts for both armed and unarmed robbery, and also charged he had previously, in 1928, been convicted of the crime of robbery and sentenced to the penitentiary. After the court found him guilty in this case and overruled a motion for new trial, he was sentenced to the Illinois State Penitentiary for a period of twenty years. The case is submitted to this court on the common-law record, there being no bill of exceptions.

The errors assigned are: (1) He was denied a fair and impartial trial because the court illegally appointed counsel for him, and that his counsel was incompetent; (2) the finding and judgment are not supported by the record, and that the sentence is excessive and contrary to law; (3) the indictment is insufficient and void because the habitual criminal count does not show actual incarceration under the said prior conviction; and (4) he was denied due process and equal protection of the law. We will take up these assignments in order.

The record discloses that when arraigned defendant had

no counsel, and thereupon the Public Defender was appointed by the court to represent him, and no objection or exception to this action of the court appears in the record. This attorney represented him throughout the trial, and made a motion for a new trial. In *People* v. *Montville,* 393 Ill. 590, and *People* v. *Witt,* 394 Ill. 405, we held that this was not error, where at the time defendant made no protest or objection.

The finding of the court on the evidence is not subject to review because the evidence is not preserved by a bill of exceptions. (*People* v. *Wells,* 393 Ill. 626.) As to the term of the sentence, the statute mandatorily required a sentence of twenty years in this case. The Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 501,) fixes the punishment for robbery at from one to twenty years in the penitentiary, and section 1 of the Habitual Criminal Act (par. 602,) requires, in the case of a second conviction, that the sentence be for the maximum period for the crime of which he is presently convicted. The sentence was therefore proper.

Claim is made that the indictment is void because it does not show, or does not allege, actual incarceration in the penitentiary under the conviction in 1928. The indictment alleges that plaintiff in error on August 6, 1928, was found guilty of robbery upon his plea of guilty and sentenced to the Illinois State Penitentiary at Joliet. The presumption is that the officers of the court carried out the sentence and delivered him to the penitentiary. In addition to this he does not come within the rule laid down in *People* v. *Perkins,* 395 Ill. 553, which construed the Habitual Criminal Act of 1041, (chap. 38, par. 602,) as requiring the previous crime to have been punished by imprisonment in the penitentiary. In the *Perkins case* the record disclosed that the defendant had previously been convicted and sentenced to imprisonment in the Illinois State Reformatory at Pontiac. The court held that imprisonment in the

reformatory was not the equivalent of imprisonment in the penitentiary, because a sentence to the penitentiary rendered the convict infamous, while the sentence to the reformatory carried with it no such result.

In the present case the record discloses that the conviction of plaintiff in error in 1928 was followed by a sentence of imprisonment in the penitentiary. The sentence of the court to imprisonment in the penitentiary is sufficient proof of incarceration therein, without producing actual proof of his being bodily so imprisoned. If, as a matter of fact, plaintiff in error was not actually incarcerated under the former conviction, the burden would be upon the plaintiff in error to establish such fact, to bring him within the ruling in the *Perkins case.*

The last error assigned is that plaintiff in error was deprived of due process of law, and this is based upon the assertion he did not have sufficient time to prepare for trial, and that his counsel was incompetent. The record shows that plaintiff in error was arraigned on September 16, 1943, and the date of his trial set for September 27, and later for October 4, on which date he was tried, with counsel appearing for him. Upon being found guilty by the court a motion for a new trial was made and overruled, and a period fixed for the filing of a bill of exceptions. No bill of exceptions was ever prepared or certified. There is nothing disclosed in the record that his counsel was incompetent, or that plaintiff in error was injured or deprived of any right by being tried twenty days after his arraignment. If there was anything to show his counsel was incompetent or that he was unable, for lack of time, to have a fair trial, it was his duty to preserve such facts in a bill of exceptions.

None of the errors assigned by plaintiff in error have any substance, and therefore the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*