People of the State of Illinois, Plaintiff-Appellee, v. Merle Hornstein and Marvin Hornstein, Defendants-Appellants.

Gen. No. 10,508.

Fourth District.

April 27, 1964.

Harold Broverman, of Taylorville, for appellant.

Raymond L. Terrell, State's Attorney, of Springfield (Richard A. Hollis, first Assistant State's Attorney, of counsel), for appellee.

WRIGHT, JUSTICE.

A five count indictment was returned in the Circuit Court of Sangamon County on February 20, 1963, charging the defendants, Merle Hornstein and Marvin Hornstein, with the commission of certain acts of gambling. The case was tried before a jury and the defendant, Marvin Hornstein, was found guilty on all five counts of the indictment, and defendant, Merle Hornstein, was found guilty under Counts I, II, III and V of the indictment. Thereafter, on June 21, 1963, a judgment was entered upon the verdicts of guilty imposing certain fines and sentences upon the defendants. Defendants appeal from this judgment.

The indictment arises out of one occurrence on February 1, 1963, in the City of Springfield, alleging

that the defendants were guilty of certain acts of gambling in violation of Section 28–1 of the Criminal Code of the State of Illinois. The five counts of the indictment and the judgment imposed upon the finding of guilty under each is summarized as follows:

1. Count I charged both defendants with knowingly permitting certain premises, therein described, to be used as a place of gambling. The judgment of the trial court imposed a fine of $250 against both defendants under this count.

2. Count II charged the same offense as Count I and further charged both of the defendants with being second offenders, setting forth an alleged prior conviction of each of the defendants concerning violations of the gambling laws of this state. The defendants and each of them were sentenced to the Illinois State Penitentiary for a term of not less than one year nor more than one year and one day, under this count.

3. Count III charged both of the defendants with keeping, operating, owning, using and exhibiting certain gambling devices. The judgment of the trial court imposed a fine upon each defendant in the sum of $250 under this count.

4. Count IV charged the defendant, Marvin Hornstein, with keeping, operating, owning, using and exhibiting certain gambling devices and further set forth an alleged prior conviction of this defendant concerning the violation of the gambling laws of this state. The defendant, Marvin Hornstein, under this count, was sentenced to the Illinois State Penitentiary for a term of not less than one year nor more than one year and one day, to be served concurrently with the sentence imposed under Count II.

5. Count V charged both of the defendants with engaging in certain conduct; namely, playing a game of chance, to wit, craps, for money or other things of value in violation of the Criminal Code of the State

of Illinois, 1961, Section 28–1. Both defendants were fined the sum of $250 under this count.

The defendants contend that the trial court erred in entering five separate judgments based on the five verdicts of guilty. On this issue the People agree that one sentence for the most serious of the offenses contained in the indictment should have been imposed by the trial court and in the present case only one sentence should have been imposed, and that sentence should have been for the greater offense. People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299; People v. Schlenger, 13 Ill2d 63, 147 NE2d 316; People v. Squires, 27 Ill2d 518, 190 NE2d 361.

The defendants contend that the judgment of the trial court was erroneous in finding both defendants guilty under Count II of the indictment and finding the defendant, Marvin Hornstein, guilty under Count IV of the indictment, for the reason that sufficient proof was not made to identify either of the defendants as being the same persons previously convicted of a violation of the Illinois gambling laws.

On this issue, both the People and the defendants concede that the leading and controlling cases in this state are People v. Casey, 399 Ill 374, 77 NE2d 812, and People v. Stewart, 23 Ill2d 161, 177 NE2d 237. The People agree that, on principle, the proof of a prior offense under the circumstances here must be of the same degree as that proof required to prove a prior offense under an indictment brought under the old Habitual Criminal Act. It is conceded by them that under the authority of People v. Casey and People v. Stewart, supra, that mere introduction of a certified common law record of conviction containing identity of name is insufficient, in itself, to overcome the presumption of innocence. The People do not contend that the rule in these two cases could or should be overruled, but urge this court to recognize the limitations of the rule.

In People v. Casey, supra, the defendant was convicted of larceny of money and was found guilty under a habitual criminal count. The habitual criminal count was based upon alleged prior convictions of the defendant in Missouri and Kansas. The judgment under this count was reversed on the ground that the evidence was insufficient to prove beyond a reasonable doubt that the defendant was the same person as the one described in authenticated copies of the records of Missouri and Kansas courts, although the person referred to in those records bore the same name as the defendant.

In People v. Casey, supra, our supreme court stated:

> "It will be observed that the statute gives the authenticated copy of the record of conviction prima facie effect as evidence, but there is the further question as to the defendant being identified as the person previously convicted. . . . In a prosecution under the Habitual Criminal Act, the defendant is clothed with the presumption of innocence and, as has been pointed out, this applies to the fact of his former conviction which, if proved, enhances the penalty. The mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact. . . ."

In People v. Stewart, supra, a jury found the defendant, Sherman Edward Stewart, guilty of burglary and larceny and found also that he had been formerly convicted of burglary. Stewart was sentenced to the Illinois State Penitentiary for life as a habitual criminal. To prove that Stewart was an habitual criminal, the People offered in evidence a certified copy of a judgment of the circuit court of Rock Island County entered in 1945, convicting one "Sherman

370

Edward Stewart, alias Sherman Stewart" of burglary. No evidence at all was offered, however, to identify the defendant, Stewart, as the person who was so convicted. The supreme court was asked to reconsider their prior opinion in People v. Casey, supra, but refused to do so and reaffirmed its prior decision that the mere proof of a record containing identity of a name with that of the defendant on trial is not sufficient to overcome the presumption of innocence. The court further stated that such copy of a prior conviction disclosing that the person having the same name as the defendant is insufficient in absence of any evidence to identify the defendant as the person so previously convicted.

The People in the case now before this court contend that there is sufficient evidence in the record to identify the defendants with their respective alleged prior convictions. Count II of the indictment alleged that the defendant, Merle Hornstein, had previously been convicted in 1960 of the crime of permitting certain other premises in Sangamon County, Illinois, to be used as a gambling place and further charged that Marvin Hornstein had previously been convicted in 1961 of the crime of permitting certain premises in Sangamon County, Illinois, to be used as a gambling place.

The People contend that it should be considered that both defendants are now prosecuted for the same crime as the alleged prior convictions and that both occurred in Sangamon County and in the City of Springfield. It is argued that the name Hornstein is not a usual surname and that the given names of Merle and Marvin are not especially common or usual names. From this premise the People argue that in the 1960 telephone directory of the City of Springfield there were only four persons named Hornstein listed as compared with twenty-six Caseys and seventy-four Stewarts. The People then argue that the in-

371

ference becomes even more compelling that these two defendants are the same defendants who were convicted of the same offenses in 1960 and 1961, for the reason that the evidence discloses that these defendants were residents of Sangamon County during that period. The People also contend that the testimony of James Tomlin was that this witness had played poker around Springfield since 1958 and had played poker in the establishment of Merle Hornstein. We cannot agree with the People that any of this evidence or all of it considered together has any probative value linking these defendants with the alleged prior convictions. These defendants are clothed with the presumption of innocence and such presumption applies to the fact of their former conviction, and the mere proof of a record containing identity of names with that of the defendants is insufficient to overcome this presumption. The burden of proof rests with the people to not only offer in evidence the former convictions, but to prove beyond a reasonable doubt that the defendants were the same persons as the ones described in the authenticated copies of the prior record of conviction. People v. Casey, supra.

We fail to find any evidence in the record establishing these defendants as being the same persons convicted previously within the literal interpretation and unambiguous language of the rule promulgated by our Supreme Court in People v. Casey and People v. Stewart, supra. We find no limitations of the rule as advocated by the People. This is not a harsh rule. It should be a very simple and uncomplicated matter to prove identity of the defendants as being the same persons convicted previously. We perceive of no reason why the crucial fact of establishing the identity of the defendants with the former convictions should not be proven with the same certainty which the law requires as to the substantive offense. We cannot agree

with the contention of the People that the defendants waived the issue of what is sufficient evidence to prove the alleged prior convictions of these defendants.

The judgment of the Circuit Court of Sangamon County on all five counts of the indictment is reversed and the cause remanded for a new trial.

Reversed and remanded.

DOVE, P. J. and REYNOLDS, J., concur.