People of the State of Illinois, Plaintiff-Appellee, v. Philip Kurtz and James H. Grogan, Defendants-Appellants.

Gen. No. 67–98.

Fifth District.

December 5, 1967.

Meyer and Meyer, of Greenville, for appellants.

Douglas Marti, State's Attorney, of Greenville, for appellee.

GOLDENHERSH, J.

Defendants, Philip Kurtz and James H. Grogan, appeal from the judgment of the Circuit Court of Bond County sentencing them to the penitentiary for terms of not less than 1 nor more than 5 years.

Defendants were convicted of the crime of theft of property exceeding $150 in value, (c 38, § 16–1, Ill Rev Stats 1965) and sentenced to the penitentiary for terms of not less than 1 nor more than 10 years. On appeal, (69 Ill App2d 282, 216 NE2d 524) this court affirmed the judgment insofar as it found the defendants guilty of theft of property, reversed the judgment insofar as it purported to adjudge the defendants guilty of theft of property in excess of $150, and remanded the cause, with directions, for imposition of sentence. Defendants' petition for leave to appeal was allowed and the Supreme Court (37 Ill2d 103, 224 NE2d 817) affirmed the judgment of this court that defendants were guilty of theft of property not exceeding $150 in value, reversed the judg-

ment insofar as it directed the sentence to be imposed, and remanded the cause to the circuit court for resentencing. The circuit court conducted a hearing, imposed sentence, and this appeal followed.

At the hearing, the court admitted into evidence, over defendants' objections, an authenticated copy of the record of conviction in the State of Alabama of one Hilton Grogan of a criminal offense which, under our statutes, would constitute the crime of theft.

Over defendants' objections, the court admitted into evidence authenticated copies of the records of conviction of one Philip Kurtz, in the Circuit Court of Cook County, of two charges of Larceny of a Motor Vehicle.

Defendants' sole contention of error is that there is no evidence which identifies these defendants as the persons previously convicted, that the identification must be proved beyond a reasonable doubt, and in the absence of evidence to identify the defendants as the persons previously convicted, the court erred in admitting the exhibits.

The People contend that "the rules of evidence are relaxed at a hearing in aggravation and mitigation," that the "defendants do not deny the accuracy of the evidence of their past convictions" and the rule enunciated in People v. Casey, 399 Ill 374, 77 NE2d 812, and followed in People v. Stewart, 23 Ill2d 161, 177 NE2d 237, is not here applicable.

The situation here presented is clearly distinguishable from a hearing in aggravation and mitigation conducted in compliance with section 1–7(g) of the Criminal Code (c 38, sec 1–7(g), Ill Rev Stats 1965). The hearing conducted under section 1–7(g) is to determine what punishment, within a permissible range, should be imposed. Here the result of the hearing determines whether the offense is a felony or a misdemeanor. (Sections 2–7, 2–11, and 16–1 of the Criminal Code of 1961.)

173

Aside from the difference in the punishment which may be imposed, the far reaching effects of conviction of a felony, as distinguished from conviction of a misdemeanor, are so clearly apparent as to require no further discussion.

■ ■ Under the circumstances we hold the rule of People v. Casey, supra, to apply here. It is not incumbent upon defendants to deny the accuracy of the evidence of prior convictions, they are clothed with the presumption of innocence and this presumption applies to the fact of a former conviction. There is no evidence to identify these defendants as the same persons who are named in the exhibits and, absent such evidence, the trial court erred in imposing the penalty permissible only on proof of a second or subsequent conviction.

For the reasons set forth, the judgment of the Circuit Court of Bond County is affirmed, and the cause is remanded to the Circuit Court of Bond County with directions to vacate the sentences imposed, and impose sentences in accordance with the provisions of chapter 38, section 16–1, Ill Rev Stats 1965, applicable to a first conviction of theft of property not from the person, and not exceeding $150 in value.

Judgment affirmed and cause remanded with directions.

EBERSPACHER and MORAN, JJ., concur.