(No. 41868.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GENE DIXON, Appellant.

*Opinion filed October 7, 1970.—Rehearing denied Dec. 3, 1970.*

HOWARD T. SAVAGE, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES R. THOMPSON, Assistant Attorney General, and ELMER C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

Defendant, Gene Dixon, appeals from a judgment of the circuit court of Cook County finding him guilty of unlawfully carrying fire arms concealed on his person, in violation of section 24—1(a)(4) of the Criminal Code. (Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a)(4).) A first offense under this section is a misdemeanor, but it is provided that a person convicted of the offense is subject to imprisonment in the penitentiary if he commits the offense within 5 years of his release from the penitentiary on a prior felony conviction. Defendant was sentenced to the penitentiary under this provision for a period of not less than one nor more than 5 years.

There is no contention on this appeal that the evidence was insufficient to establish that defendant carried a con-

cealed weapon. The principal argument relates to the sufficiency of the indictment and the proof to show that defendant had previously been convicted of a felony and had been released from the penitentiary less than five years before the commission of this offense. This court has held that under a substantially similar statute it is necessary to both allege and prove a conviction of a prior felony in order to warrant the imposition of an increased penalty. (*People* v. *Ostrand,* 35 Ill.2d 520, 529.) The second count of the indictment charged that defendant knowingly carried concealed weapons and further alleged that he had previously been convicted of robbery on January 26, 1962, and sentenced to the penitentiary for a term of 1 to 5 years. The indictment went on to allege that "Gene Dixon, who was convicted and sentenced as aforesaid, is the same Gene Dixon * * * that within 5 years after his release so entered on the 14th day of September in the year of our Lord One Thousand Nine Hundred and Sixty-Five * * *" carried said pistols. The indictment, although not grammatically perfect, was sufficient to allege that the defendant had been convicted of a felony, sentenced to the penitentiary, and released from the penitentiary within 5 years prior to the commission of the present offense, which occurred on December 11, 1967.

The only proof offered on this aspect of the case was the receipt in evidence of a conviction statement summarizing the facts of the prior conviction. In defendant's testimony he admitted that he was the same person named in the prior conviction. This evidence was sufficient to prove the commission of the prior felony but defendant argues that the evidence failed to show that he was confined in the penitentiary and released therefrom within five years prior to the date of the present offense. Where a court sentences a defendant to the penitentiary it is not necessary to prove his actual incarceration therein since it is presumed that the sentence was properly carried out. (*People* v. *Del Veawgo,* 399 Ill. 243.)

This leaves for consideration the question of whether the proof was sufficient to show that defendant was released from the penitentiary within 5 years. Of course, if he served his full sentence there can be no question but that his release was within that period. However, he could have been paroled or pardoned, in which event he would have been released before the expiration of the maximum sentence. In *Del Veawgo,* a prosecution under the Habitual Criminal Act, we held that the burden was on the defendant to establish that he was not actually incarcerated. We believe that the burden should likewise be on the defendant here to show that, by reason of pardon or parole, he was released more than 5 years prior to the present offense. This appears to be the rule in other jurisdictions. (39 Am. Jur. 2d, Habitual Criminals and Subsequent Offenses, sec. 25, p. 329.) Furthermore, we note that under the rules and regulations of the Parole and Pardon Board in effect during defendant's incarceration, the earliest he could have been discharged on parole, assuming that he was incarcerated on the date of his conviction, was December 26, 1962, being one year less one month good time credit from the date of his conviction. The present offense occurred within 5 years thereafter. In our opinion the evidence, when considered in the light of the applicable presumptions and the burden of proof, was sufficient to prove the allegation of the indictment.

A further claim is made that the conviction statement which forms the basis for the enhanced penalty failed to show that defendant was represented by counsel at the time of the former conviction. Relying on *Burgett* v. *Texas,* 389 U.S. 109; 19 L. Ed. 2d 319; 88 S. Ct. 258, defendant contends that this defect renders the present conviction invalid. On the basis of the original record there would be merit to defendant's claim. However, a supplemental record has been filed showing that defendant was represented by counsel at the time of his prior conviction. This case was tried before the court without a jury and it is to be presumed that the

court took judicial notice of his own record. In view of the fact that defendant was actually represented by counsel, the technical deficiency in the conviction statement, as distinguished from the entire record of the prior conviction, is insufficient to invalidate the present conviction.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*