THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE EUGENE MILLER, Defendant-Appellant.

(No. 12277;

Fourth District—July 3, 1974.

John F. McNichols, of the State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville, for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant appeals his conviction for the offense of burglary rendered after a jury trial and for which he was sentenced to not less than 2 nor more than 6 years' confinement in prison. The issues raised by appellant on appeal are:

>1. Whether the court committed reversible error by admitting evidence that latent fingerprints discovered at the scene of the offense were defendant's.

>>a. Whether one not qualified as an expert may given an opinion on the identity of fingerprints.

>>b. Whether the court erred in admitting hearsay to establish the identity of the fingerprints in People's Exhibit #3.

>>c. Whether the court erred by allowing an expert to testify that in his opinion the latent prints found at the scene of the crime were the defendant's where the expert had no first hand knowledge of the identity of the prints used in the comparison.

>2. Whether the trial court committed plain error in admitting into evidence a police booking card which clearly indicated prior criminal activity by the defendant.

>3. Whether the sentence imposed was excessive and based upon the mistaken impression that the minimum sentence for burglary is 2 years.

It is our opinion that it is unnecessary to consider any issue other than whether the court erred in allowing expert testimony that fingerprints found at the crime scene were the defendant's where the expert had no basis upon which to identify the prints used for comparison.

The only relevant evidence introduced by the prosecution connecting the defendant to the offense charged consisted of the testimony of Detective Potter and one Cecil L. McDougall, their testimony being limited to fingerprint identification.

Officer Potter testified that the latent fingerprints which he lifted from the crime scene appeared to match those on the fingerprint card for one Clarence Eugene Miller and that he forwarded such fingerprints to the state crime laboratory for identification. He further testified that he subsequently caused the fingerprint card and the fingerprints which were lifted from the scene of the crime to be sent to the state crime laboratory.

Cecil L. McDougall, who was identified as a fingerprint expert for the State of Illinois, Illinois Bureau of Identification, testified that the fingerprints lifted at the scene of the crime matched the fingerprints present on the fingerprint card of Clarence Eugene Miller; however, on cross-examination, he testified that he did not take sample prints from the

defendant in this cause, Clarence Eugene Miller, but that the fingerprints raised from a lamp at the scene of the crime matched those on a card bearing the name "Clarence Eugene Miller."

The defendant called only one witness in his defense, his mother, who testified that the defendant was at home watching television at the time the offense was committed.

The defendant argues in this appeal that the introduction of the fingerprint card bearing the name of Clarence Eugene Miller is irrelevant, contending that the fingerprint card can be used only to establish the truth of the facts asserted therein.

The fingerprint card indicates that the fingerprints belong to one Clarence Eugene Miller and that said prints were taken in Jacksonville, Illinois, on January 12, 1963, approximately 10 years prior to the date of the trial in this cause. There is nothing on the fingerprint card which could be said to establish that the Clarence Eugene Miller mentioned on the fingerprint card was the same person as the defendant in this cause. There is no evidence in this cause which purports to indicate that the Clarence Eugene Miller referred to on the fingerprint card is the same Clarence Eugene Miller who is the defendant in this cause. Officer Potter, in identifying the fingerprint identification card, testified that it was a fingerprint card for Clarence Eugene Miller, that he obtained it from the fingerprint file at the Jacksonville Police Department and that he had personal knowledge of the fact that the card was on file with the police department; however, he failed to connect the fingerprint card with the defendant in this cause.

■■ It has been held that before a document may be entered into evidence against a defendant, it must be shown that the person referred to on said document was in fact the defendant at trial. This court in *People v. Hornstein* (1964), 47 Ill.App.2d 367, 372, 198 N.E.2d 207, stated, in a case dealing with the admissibility of records of prior criminal convictions:

> "The burden of proof rests with the People to not only offer in evidence the former convictions, but to prove beyond a reasonable doubt that the defendants were the same persons as the ones described in the authenticated copies of the prior record of conviction. * * * This is not a harsh rule. It should be a very simple and uncomplicated matter to prove identity of the defendants as being the same persons convicted previously."

*Hornstein* discusses the supreme court opinions in *People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812, and *People v. Stewart* (1961), 23 Ill.2d 161, 177 N.E.2d 237. The court in *Casey* held:

> "The mere proof of a record containing identity of name with

that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact." 399 Ill. at 380.

■■ Applying the doctrine of *Hornstein* to the facts in this case, it is our opinion that the prosecution must establish that the defendant was the same person whose fingerprints were displayed on the fingerprint card admitted into evidence. The mere similarity of names is not sufficient. It would have been a simple matter to have determined whether the fingerprints of this defendant and those on the fingerprint card were the same. The failure to do so renders it impossible to conclude that the defendant's fingerprints were at the scene of the crime; therefore, the judgment of conviction and sentence is reversed.

Reversed.

SIMKINS, P. J., and CRAVEN, J., concur.