THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY L. JOHNSON, a/k/a HENRY LEE JOHNSON (Impleaded), Defendant-Appellant.

(No. 59264;

First District (5th Division)—April 11, 1975.

James J. Doherty, Public Defender, of Chicago (Dale W. Broeder and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

A two-count indictment charged defendant with (1) unlawful use of weapons in violation of section 24—1(a)(7) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(7), in that he possessed a shotgun with a barrel less than 18 inches in length, and (2) unlawful use of weapons within 5 years of his release from the penitentiary. Our Criminal Code currently provides that while ordinarily a violation of section 24—1(a)(7) is punishable as a Class 4 felony, if such offense occurs within 5 years of the accused's release from the penitentiary, it is punishable as a Class 3 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b)).[1] Defendant was tried by a jury and found guilty as indicted. Pursuant to the en-

---

[1] Under prior law, conviction of section 24—1(a)(7) was punishable by a term of imprisonment of up to five years except where the accused had been convicted of a felony or released from the penitentiary within five years of the current offense, in which case conviction was punishable by a term of imprisonment of up to 10 years. Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b).

hanced penalty provisions of section 24—1(b) he was sentenced to a term of from 4 to 10 years.[2]

Defendant contends that (1) the State failed to prove he had been released from the penitentiary within 5 years of the commission of the current offense, (2) the use of a single-stage procedure in his prosecution on an enhanced penalty indictment for unlawful use of weapons deprived him of a fair trial, (3) his conviction under Count I of the indictment must be vacated due to the supreme court's holding in *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1, and (4) his sentence is violative of the Unified Code of Corrections.

Since there is no contention on this appeal that the evidence was insufficient to establish that defendant was in possession of a "sawed-off" shotgun, we need only summarize those facts relevant to the enhanced penalty charge. Following a shooting incident on the West Side of Chicago on January 2, 1972, defendant was taken into custody and indicted for the offense of unlawful use of weapons. Count II of the indictment alleged that on July 19, 1968, he was found guilty of robbery, sentenced to a term of from 1 to 5 years and released from the penitentiary on June 8, 1970, *i.e.*, within 5 years of the commission of the current offense.

Prior to *voir dire* the trial judge read the indictment to the veniremen. He admonished them that the indictment was not to be considered as evidence or as an inference of guilt.

During the State's case in chief the assistant State's attorney attempted to introduce into evidence an authenticated copy of defendant's "Conviction Statement." Defense counsel objected on the ground, *inter alia*, that the document did not identify the "Henry Johnson" named therein as defendant. Subject to the condition that the State present evidence that defendant and the subject of the "Conviction Statement" were the same person, the objection was overruled.

The State called Chicago Police Officer John O'Mara who testified that in May 1965 he arrested defendant for robbery. Defendant was indicted for this crime in Indictment No. 65—1754. On cross-examination he testified that he remembered defendant because of his "unique face" and the

---

[2] Defendant apparently believes he was given concurrent sentences of 1 to 3 years on Count I of the indictment and 4 to 10 years on the enhanced penalty count. The court, in sentencing him, stated:

> "I am imposing one sentence on the indictment with the exception of the penalty provision of count two, which give [*sic*] the court the right to impose a more severe maximum sentence."

It is clear from this statement that defendant was given only a single 4-to-10-year sentence on the enhanced penalty count.

fact that the victim of the robbery, a 54-year-old woman, died shortly after the crime. The court directed the jury to disregard this answer because it was not responsive to the question put to the witness.

Defendant's "Conviction Statement" was read into evidence. It stated that in Indictment No. 65—1754 Henry Lee Johnson was indicted for robbery, that on November 19, 1965, he entered a guilty plea to that charge, and that on July 19, 1968, he was "sentenced to imprisonment in the Illinois State Penitentiary at Joliet, Illinois, for a term of years not less than one year, and no more than five years for violation of probation."

During closing argument the assistant State's attorney reminded the jury that defendant was charged with unlawful use of weapons within 5 years of his release from the penitentiary, and that this constituted a separate charge in the indictment. He further argued that there must have been something unusual about defendant's 1965 arrest since Officer O'Mara was able to remember it so clearly. The court thereupon advised counsel to "be circumspect" in arguing this matter. In rebutting a defense argument that defendant was law abiding, the assistant State's attorney argued, "the evidence is in the record and we must prove that the man was convicted of a crime in 1965. I submit to you if that is a law-abiding citizen."

The jury was instructed that in order to prove the charge of unlawful use of weapons, the State was required to prove the following propositions:

"First: That the defendant Henry L. Johnson otherwise called Henry Lee Johnson, knowingly possessed a shotgun with a barrel less than 18 inches in length; and

Second: That the defendant was released from the penitentiary within five years from January 2, 1972."

In addition, at the request of defendant, they were instructed:

"* * * the burden of proof rests with the State not only to offer in evidence the former convictions, but to prove beyond a reasonable doubt that the defendant Henry L. Johnson, otherwise called Henry Lee Johnson was the same person as the one described in the authenticated copy of the prior record of conviction."

OPINION

■■ Defendant contends that the State failed to prove an essential element of its case, *i.e.*, that he was released from the penitentiary within 5 years of the commission of the current offense. It is well established that where a court sentences a defendant to the penitentiary, it is not necessary to prove his actual incarceration therein since it is presumed that the sentence was properly carried out. The burden is on defendant

to establish that he was not actually incarcerated. (*People v. Del Veawgo*, 399 Ill. 243, 77 N.E.2d 668; *People v. Dixon*, 46 Ill.2d 502, 263 N.E.2d 876.) It is clear that the logical extension of this rule is that if a defendant is presumed to have entered the penitentiary within 5 years of a specific date, his release from the penitentiary must also be presumed to have been within 5 years of that date.

In *Dixon*, for example, the defendant was indicted under the unlawful use of weapons-enhanced-penalty statute. The date of the "present offense" was December 11, 1967. The only evidence introduced by the State on the enhanced penalty issue was the defendant's "Conviction Statement" reciting a January 26, 1962, robbery conviction for which he was given a penitentiary sentence of from 1 to 5 years. The court held that since it must be presumed that the sentence was properly carried out, and since under the applicable rules of the Pardon and Parole Board the earliest possible date of his discharge from incarceration was December 26, 1962, the State had sufficiently proved the enhanced penalty allegation of the indictment.

In the instant case the State introduced into evidence defendant's "Conviction Statement" to prove that he had been released from the penitentiary within 5 years of January 2, 1972. The document stated that on July 19, 1968, less than 4 years prior to the date of the current offense, defendant had been sentenced to a term of from 1 to 5 years in the penitentiary. Defendant introduced no evidence to rebut the presumption that the sentence had been properly carried out. Under *Dixon* this evidence was clearly sufficient to prove the fact of defendant's release from the penitentiary within 5 years of January 2, 1972.

Defendant challenges the unlawful use of weapons-enhanced-penalty single-stage trial procedure. He claims that a two-stage procedure in which evidence of an accused's prior felony conviction or recent incarceration is introduced only after the trier of fact reaches a determination as to guilt on the current section 24—1(a)(7) charge is constitutionally required.

We find no constitutional prohibition to the use of a single-stage procedure. In *Spencer v. Texas*, 385 U.S. 554, a statute almost identical to our unlawful use of weapons statute was challenged as violative of the due process clause of the Fourteenth Amendment. In upholding the statute the Supreme Court cited the high rate of recidivism and attendant need of the States to develop effective procedures to deal with the problem. The Court went on to state that while alternative methods might be fairer, it was unwilling to interfere with a State's adoption of the single-stage trial since such procedures "are not prohibited by any provision of the United States Constitution." (*Spencer*, at 569.) No Illinois court has

found that the section 24—1(b) single-stage trial procedure violates our State's constitution. Rather, it has been held that evidence of a prior felony conviction or incarceration in a proceeding at which a determination as to guilt or innocence has not yet been made is proper and, indeed, necessary to prove allegations found in the indictment. *People v. Ostrand,* 35 Ill.2d 520, 221 N.E.2d 499; see also *Dixon.*

Defendant has further contended that the accused is unfairly prejudiced by the revelation of his prior criminal activity to the trier of fact, and that such evidence is so inflammatory that it discourages the assertion of the right to a jury trial.

■■ In general, the introduction of evidence of other crimes committed by the accused is subject to the balancing of the need for such evidence in light of the issues which must be proved by the prosecution against the tendency of such evidence to rouse in the trier of fact overmastering hostility. (See generally, McCormick, Handbook of the Law of Evidence 447-453 (2d ed. 1972).) Thus, as defendant recognizes, evidence of "past crimes" is admissible to prove "motive, opportunity, intent, common plan and the like." Likewise, evidence of prior convictions, subject to certain limitations, may be used to impeach the testimony of the accused. (See Ill. Rev. Stat. 1973, ch. 38, par. 155—1; *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.2d 695.) Clearly, in the case of a Section 24—1(b) prosecution, evidence of defendant's recent conviction for a felony or incarceration in the penitentiary is of the utmost relevance—it is required to prove a crucial element of the offense. (*Ostrand; Dixon.*) It is equally clear that our courts have developed procedures designed to bring to a minimum the tendency of such evidence to inflame the trier of fact. In the instant case, for example, the jury was informed that the indictment alleging defendant's recent incarceration in the penitentiary was not evidence against him and did not create an inference of guilt, that proof of a former felony conviction was not evidence of guilt for the current unlawful use of weapons charge, and that proof of the former conviction was to be used only for the limited purpose for which it was offered. Moreover, these safeguards assure that a jury would be as impartial a trier of fact as the trial judge, and consequently we find no basis for defendant's claim that the utilization of a single-stage procedure "chills" the assertion of the right to a jury trial.

■■ Defendant argues that the substance of his right to remain silent was sapped due to the revelation, both in the reading of indictment to the jury and in the State's case in chief, of his prior robbery conviction. He claims that such evidence can be introduced only to impeach a defendant who chooses to testify. However, as we have pointed out above, such evidence may be brought out at trial for purposes other than im-

peachment. Thus, in the instant case, pursuant to the requirements of *Ostrand*, evidence of defendant's prior felony conviction and incarceration was introduced to prove an essential element of the crime with which he was charged. Indeed, even though such evidence was before the jury, defendant still chose not to testify on his own behalf. In view of these circumstances, it cannot be said that he was denied his right to remain silent.

■■ Defendant has also contended that the single-stage procedure deprived him of his freedom from double jeopardy. This contention is without merit. A defense of double jeopardy is not available where offenses are distinct in law. (*People v. Hairston*, 46 Ill.2d 348, 263 N.E.2d 840; *People v. Knapp*, 15 Ill.2d 450, 155 N.E.2d 565.) It cannot be gainsaid that unlawful use of weapons is distinct at law from robbery; the two crimes are totally unrelated. (Compare Ill. Rev. Stat. 1973, ch. 38, par. 18—1, with Ill. Rev. Stat. 1973, ch. 38, par. 24—1.) Moreover, an examination of the record makes clear that evidence of defendant's robbery conviction and subsequent imprisonment was introduced solely for the purpose of establishing an element of the unlawful use of weapons-enhanced-penalty count. Indeed, it was only at defendant's insistence that any testimony was heard concerning the facts surrounding the earlier crime and the circumstances surrounding his 1965 arrest.

Pointing to the fact that both counts of the indictment were based on the same act, defendant contends that his conviction for the lesser offense of unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(7)) is improper. We agree, and accordingly, under the rule enunciated in *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1, we hold that the judgment of conviction for that lesser offense must be vacated.

■■ Finally, it is to be noted that defendant's sentence of from 4 to 10 years is violative of the Unified Code of Corrections in that the minimum term is greater than one-third of the maximum term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4).) Consequently we order that his sentence be modified to 3 years 4 months to 10 years.

For the foregoing reasons we hold that (1) defendant's conviction under section 24—1(b) pursuant to Count II of the indictment is affirmed, (2) his minimum sentence is reduced to 3 years 4 months, and (3) his conviction under section 24—1(a)(7) pursuant to Count I of the indictment is vacated.

Affirmed in part as modified; vacated in part.

LORENZ and SULLIVAN, JJ., concur.