THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSIE BALLENGER, a/k/a Jesse Ballinger, Defendant-Appellant.

First District (1st Division)   No. 61331

Opinion filed April 19, 1976.

James J. Doherty, Public Defender, of Chicago (Deborah J. Gubin and Matthew J. Beemsterboer, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty at a bench trial of the offense of unlawful use of weapons and sentenced to a term of not less than 2 years and not more than 6 years' imprisonment. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).) On appeal, defendant contends that he was arrested and searched without probable cause, and that the State failed to prove all the elements of the enhanced penalty statute. Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b).

At the outset of the proceedings, defendant offered a motion to quash the arrest and suppress the evidence discovered by a search incident to the arrest. In support of the motion, defendant testified that on January 17, 1973, he was arrested in the vicinity of 3223 West Armitage Avenue in Chicago at approximately 8:15 p.m. Defendant stated that prior to his arrest he and a fellow employee named Busby stayed at a tavern located on Armitage Avenue from approximately 5 p.m. to 8 p.m. Busby and the

defendant conversed and allegedly consumed only one drink during this time period. Defendant claimed that moments after his departure from the tavern he was arrested by plainclothes police officers. Defendant insisted that he was not intoxicated. A .32-caliber revolver was found by the police in the right pocket of a black leather jacket worn by the defendant.

Officer Michael Rogers testified for the State in response to the testimony offered by the defendant in support of his motion to suppress. While patrolling the area in an unmarked police car, Rogers and two other accompanying officers were flagged down by two youths at the corner of Kedzie and Armitage. Rogers stated that he knew the youths well and had seen them almost every evening on his patrol. The youths told the officers that a male Negro, accompanied by a male Caucasian, had been waving a gun in the street. The youths pointed to an area to the rear of the police car on Armitage and said, "They are down there." Street and store lights, illuminating the area where the men were located, enabled Rogers to see the two men through the rear window of his automobile. Rogers estimated that the two men were situated approximately 100 feet from the unmarked police car. One of the officers drove the car in reverse to the point where the men were located.

The officers found Busby, the Caucasian, lying on the sidewalk. Defendant was standing directly overy Busby with the intent to assist Busby raise himself from the sidewalk. Busby and the defendant wobbled and staggered as they walked exhibiting an intoxicated condition. Both men were arrested. A search of the defendant revealed a .32-caliber revolver containing three live rounds and one spent cartridge. Defendant did not give any statement to the officers at any time.

After considering the foregoing evidence, the trial court denied defendant's motion to suppress, finding that the police officers' conduct was proper. It was stipulated that the testimony taken for the disposition of defendant's motion was to be considered as evidence in the trial. Officer Rogers was recalled to the stand by the State.

Rogers testified that his investigation of police records revealed that defendant had previously served a sentence in the penitentiary for murder. The State then introduced into evidence a certified copy of a conviction statement which attested that one "Jesse Ballinger" was found guilty of murder on November 22, 1961, and sentenced to a term of not less than 30 years. The State also introduced into evidence an authenticated police record which documented that "Jesse Ballinger" was paroled on April 20, 1970, from his 30-year sentence at the Joliet State Penitentiary. No objection was raised by defendant to the admission of these documents into evidence.

The defendant was recalled to the stand at trial. He testified that he

mistakenly took another person's black leather jacket from the tavern's coat rack upon which several black leather jackets were hanging. Defendant stated that the jacket seemed to be a proper fit even after he had buttoned it. Defendant did not place his hands in the right pocket of the jacket. He claimed that the weight of the revolver in the pocket did not seem unusual since he had placed his leather gloves in the right pocket of the jacket which rightfully belonged to him. On cross-examination defendant stated that he did not realize that the jacket belonged to another person until the search revealed the .32-caliber revolver.

■■ Upon the facts presented, we find that the arrest of the defendant and the subsequent search were proper. It is well-established that an arrest by a police officer without a warrant is proper if the officer has reasonable grounds for believing that the person to be arrested has committed a crime. (*People v. Wright*, 42 Ill. 2d 457, 248 N.E.2d 78.) Information provided by ordinary citizens, weighed in the context of surrounding circumstances perceived by the officer through his senses, can be sufficiently reliable to form a good faith belief that the person to be arrested had committed an offense. (*People v. Frisco*, 4 Ill. App. 3d 193, 280 N.E.2d 557.) It has been held that an officer is not required to consider the prior reliability of the informer if the information is supplied by ordinary citizens and not by professional informers employed by the police. *People v. Hester*, 39 Ill. 2d 489, 237 N.E.2d 466; *People v. Thompson*, 3 Ill. App. 3d 470, 278 N.E.2d 462.

The police officers in this case were informed about the defendant by youths who were not professional informers. However, the youths knew the plain clothes officers as policemen from the officers' usual patrol activity in the area. The youths approached the officers with the specific purpose of relating that they saw a male Negro, accompanied by a male Caucasian, wave a revolver in the street. The information received by the officers, therefore, was based upon recent observation by two apparently disinterested witnesses. Moreover, the information was accompanied by a positive identification. The youths directed the officers' attention to the two men in question by pointing to them standing in the street about 100 feet to the rear of the unmarked police car. The defendant and his companion, once encountered by the officers, were found to be highly intoxicated.

■■ ■ We believe that the information received by the officers, weighed with the exigencies of the situation, formed a reasonable ground for the officers' belief that the defendant had, in fact, brandished a revolver in the street shortly before his arrest. We further find that the search incident to the defendant's arrest which revealed the .32-caliber revolver was lawful. The search was conducted contemporaneously to a lawful arrest and was confined to the immediate vicinity of the

defendant's person. (*People v. Cole*, 54 Ill. 2d 401, 298 N.E.2d 705.) The officers were justified in searching the defendant for the purpose of discovering an instrument of the crime, the revolver, and protecting themselves from attack. Ill. Rev. Stat. 1973, ch. 38, par. 108—1.

The defendant's second contention is that the State failed to prove all the elements of the enhanced penalty provision which is a part of the Criminal Code section prohibiting the unlawful use of weapons. (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a) and 24—1(b).) Our Criminal Code provides that a person who violates any subsection of section 24—1(a) within 5 years of the person's release from the penitentiary on a felony conviction is guilty of a Class 3 felony. Accordingly, defendant was sentenced to a term of 2 to 6 years.,

■■ Defendant argues that the State failed to demonstrate that the person named in the indictment for unlawful use of weapons was the same person named in the conviction statement. The indictment spelled the defendant's name "Jessie Ballenger" while the conviction statement spelled the defendant's name "Jesse Ballinger." The defendant's contention is totally without merit.

■■ The record indicates that the defendant is a convicted felon who was released on parole from prison on April 20, 1970. No objection was voiced by defendant at trial to the admissibility of the conviction statement and the police documents reflecting defendant's criminal record. Officer Rogers offered corroborating testimony at trial that his personal investigation revealed that the defendant had been convicted for murder. Defendant's attorney at the hearing in aggravation and mitigation admitted the accuracy of defendant's criminal record as found in the conviction statement, mentioned the circumstances surrounding the incident which resulted in defendant's murder conviction, and argued strenuously that defendant had been a model prisoner. Defendant's argument loses all credibility when his signature is observed on his motion to suppress dated March 27, 1974, and on a jury waiver dated May 7, 1974. Defendant signed both documents "Jesse Ballinger," the same spelling as reflected on the conviction statement. It has been held that the burden is on the defendant to establish that he was not actually incarcerated. (*People v. Johnson*, 27 Ill. App. 3d 1047, 327 N.E.2d 219.) However, the record in the present case indicates that the State proved the enhanced penalty allegation of the indictment beyond a reasonable doubt.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.