THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM LANGDON, a/k/a Otis Braboy, Defendant-Appellant.

First District (2nd Division)   No. 78-587

Opinion filed June 19, 1979.

Ralph Ruebner and Susan Bandes, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, William Langdon, was charged by indictment with unlawfully carrying a revolver concealed on his person, in violation of section 24—1(a)(4) of the Criminal Code of 1961. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4).) Count II of the indictment charged that the alleged unlawful use of weapons occurred within five years of defendant's release from the penitentiary, thus raising the class of the offense charged from a misdemeanor to a Class 3 felony under section 24—1(b) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b).) Following a bench trial in the circuit court of Cook County, defendant was found guilty on both counts and was sentenced on the felony count to a term of three years and four months to ten years in the penitentiary. From this judgment, defendant now appeals.

There is no contention on this appeal that the evidence failed to establish that defendant carried a concealed weapon. Rather, defendant argues that the evidence was nevertheless insufficient to establish an essential element of the felony offense of unlawful use of weapons, defendant's prior conviction of a felony. Defendant also contends that he was deprived of his constitutional right to counsel of his choice.

The facts relevant to defendant's first contention, relating to the insufficiency of the proof to show that he had previously been convicted of a felony and had been released from the penitentiary less than five years

before he committed the instant offense, may be briefly stated. On the day of trial, defendant's counsel made an oral motion in limine to exclude the testimony of any unlisted prosecution witnesses, specifically those who might be called to testify as to whether defendant was the same person as the one named in the certified copy of conviction that the State intended to introduce into evidence. Stating that the motion was premature, the trial court postponed ruling on the motion.

No such witnesses were ever called by the State, nor did the defendant testify. Rather, except for the testimony of certain occurrence witnesses to the effect that, *inter alia*, the offense occurred on December 23, 1974, the only evidence offered by the State on this branch of the case consisted of a certified copy of conviction, which stated that William Langdon was convicted of armed robbery on October 18, 1971, and was sentenced to a term of two to four years in the Department of Corrections. This conviction statement was admitted into evidence, without objection, whereupon the State rested.

In support of his motion for a finding of not guilty and again in closing argument, defense counsel argued that the State had failed to prove that defendant had carried a concealed weapon or that he had been released from the penitentiary within five years of the date of the offense. The court entered a finding of guilty on both the misdemeanor and felony counts charged. The court then denied defendant's oral motion for a new trial and his written motion in arrest of judgment. After a hearing in aggravation and mitigation, the court sentenced defendant to the maximum period prescribed for a Class 3 felony, three years and four months to 10 years.

■■ ■ Where, as here, a statute provides for imposition of an enhanced sentence upon proof of a prior conviction, the burden is on the State to establish the prior conviction as one of the elements of its case. (*E.g.*, *People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876; *People v. Hayes* (1973), 15 Ill. App. 3d 851, 305 N.E.2d 283.) Because the defendant is clothed with the presumption of innocence as to the fact of his former conviction as well as any other fact, the seminal case in this area established that the prior conviction must be proved beyond a reasonable doubt. (*People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812; accord, *e.g.*, *People v. Stewart* (1961), 23 Ill. 2d 161, 177 N.E.2d 237.) The court in *Casey* went on to state:

> "One of the facts to be proved to establish a prior conviction is to show the defendant charged with the commission of the substantive offense was the same person that was convicted and sentenced as shown by the record of the prior conviction.
>
>     * * *
>
> The mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption

of innocence where the enhancement of the penalty depends upon the proof of such fact. Defendant did not testify and there is no proof to show that he was ever in either of the counties from which the court records were obtained or that he was the same person as the defendant named in those cases." 399 Ill. 374, 379-80, 77 N.E.2d 812.

■■ In the instant case, as in *Casey, Stewart,* and *Hayes,* the only proof offered by the State to establish defendant's prior conviction was a certified copy of conviction bearing the same name as that of defendant. Because the State failed to prove that defendant was the same person named in the conviction statement, the evidence was insufficient to establish defendant's former conviction. Therefore, under the cases cited above, defendant's conviction and sentence on the felony charge must be reversed. See also *People v. Crawford* (1978), 59 Ill. App. 3d 211, 375 N.E.2d 1314; *People v. Connell* (1972), 6 Ill. App. 3d 791, 286 N.E.2d 565 (abstract).

■■ An examination of cases reaching the opposite result under the enhanced penalty statute sheds light on the various methods that may be used to prove that the person named in the conviction statement and the defendant are identical. These include testimony as to the former conviction by the arresting officer on the prior felony charge (*People v. Johnson* (1975), 27 Ill. App. 3d 1047, 327 N.E.2d 219, *appeal dismissed* (1976), 424 U.S. 902, 47 L. Ed. 2d 306, 96 S. Ct. 1092) by the presiding judge at the prior trial (*People v. Weathers* (1976), 40 Ill. App. 3d 211, 351 N.E.2d 882), or by parole counselors, corrections officers, and the like. (*People v. Mitchell* (1979), 68 Ill. App. 3d 370, 386 N.E.2d 153; *People v. Flippen* (1977), 46 Ill. App. 3d 246, 360 N.E.2d 1183; *People v. Willis* (1976), 43 Ill. App. 3d 535, 357 N.E.2d 576.) Similarly, the defendant may himself testify as to the former conviction (*People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876), or make statements sufficient to establish that he is the same man as is named in the conviction statement (*People v. Lampkins* (1975), 28 Ill. App. 3d 246, 328 N.E.2d 100), or the parties may so stipulate (*People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496), although care must be taken to see that the stipulation is presented to the trier of fact. See *People v. Crawford* (1978), 59 Ill. App. 3d 211, 375 N.E.2d 1314.

■■■ In the instant case, admittedly none of these methods was used. Nevertheless, the State contends that introduction of the conviction statement was sufficient under the circumstances where defendant failed to object to its admission and failed to argue or attempt to show that he was not the person named in the conviction statement. However, the conviction statement, though insufficient in itself to prove the prior conviction, was relevant and admissible evidence. (See, *e.g., People v. Johnson* (1975), 27 Ill. App. 3d 1047, 327 N.E.2d 219.) Although the court in *People v. Ballenger* (1976), 38 Ill. App. 3d 30, 347 N.E.2d 411, in affirming the

defendant's conviction, placed emphasis on the fact that the defendant therein had also failed to object, we know of no requirement that the defendant object to the introduction of admissible evidence, nor that he point out wherein it is insufficient to convict him. On the contrary, because the prior conviction was an element of the felony offense charged, the obligation to prove it beyond a reasonable doubt remained with the State throughout the proceedings. (*Cf. People v. Smith* (1978), 71 Ill. 2d 95, 374 N.E.2d 472.) Accordingly, the State's failure to prove such an element of the crime would require review and reversal even if the error had not been properly preserved for review. (*People v. Davis* (1977), 50 Ill. App. 3d 163, 365 N.E.2d 1135.) Therefore, the State's argument, which amounts to an attempt to shift the burden of proof to defendant, is without merit.

■■ For the same reason, we attach no significance to the fact that when the assistant State's Attorney had the certified copy of conviction marked for identification, he stated, without objection, that it referred to "This particular defendant, Mr. William Langdon." It was not incumbent upon defendant to deny the accuracy of the prior conviction statement (*People v. Kurtz* (1967), 89 Ill. App. 2d 171, 232 N.E.2d 139), and whether or not the prosecutor's remark was objectionable, we cannot agree that by failing to object, defendant has somehow waived the issue of what is sufficient evidence to prove his alleged prior conviction. (See *People v. Hornstein* (1964), 47 Ill. App. 2d 367, 198 N.E.2d 207.) Acceptance of the State's position would permit the State to establish an element of the offense by what amounts to unsworn testimony by the prosecutor, in lieu of competent evidence. (*Cf. People v. Vasquez* (1972), 8 Ill. App. 3d 679, 291 N.E.2d 5; *People v. Bitakis* (1972), 8 Ill. App. 3d 103, 289 N.E.2d 256.) Obviously something more must fairly be required of the State in the way of proof than the seemingly innocuous remarks made during the course of a trial.

Relying once again on *People v. Ballenger* (1976), 38 Ill. App. 3d 30, 347 N.E.2d 411, the State also contends that defendant failed to dispute the documentation of his former conviction at the hearing in aggravation and mitigation, where his counsel stated that the presentence report containing the former conviction was "in many ways * * * fair well correct." We note that in *Ballenger* defense counsel actually admitted the fact of the defendant's former conviction at the sentencing hearing. In contrast, defense counsel's statement in the case at bar is far more equivocal and less specific, and thus we need not decide the propriety of using defense counsel's post-conviction statement as a basis for a defendant's conviction. Moreover, to the extent that *Ballenger* and *People v. Flippen* (1977), 46 Ill. App. 3d 246, 249, 360 N.E.2d 1183 (dicta), suggest that mere similarity or identity of names is sufficient proof of a

defendant's former conviction, we believe that they represent a departure from the decided cases and we decline to follow them.

The rule that the State must prove that the defendant is the same person as is named in the conviction statement is not only well settled, but also, as has been observed, "[t]his is not a harsh rule. It should be a very simple and uncomplicated matter to prove identity * * *. We perceive of no reason why * * * [it] should not be proven with the same certainty which the law requires as to the substantive offense." (*People v. Hornstein* (1964), 47 Ill. App. 2d 367, 372, 198 N.E.2d 207.) Although the sheer number of reported cases on the subject might appear to belie its simplicity, we agree with the court in *Hornstein* and hold that application of the rule clearly requires reversal of defendant's conviction and sentence on the felony charge in the case at bar.

Defendant also contends that he was deprived of his constitutional right to counsel of his choice. The occurrence for which defendant was arrested, as well as the arrest, took place on December 23, 1974. The record reflects that attorney Robert Romanoff entered his appearance for defendant on April 27, 1976, and represented defendant at his arraignment on July 6, 1976. Attorney Romanoff thereafter filed a motion to suppress, conducted discovery, and twice filed motions to advance the cause. On October 25, 1977, the cause came on for trial, at which time attorney Romanoff moved to withdraw as counsel for defendant. The basis for the motion was that defendant no longer had faith in Romanoff as his attorney and wished to obtain other counsel. Romanoff added that he found it difficult to represent someone who did not believe in him, though he had been representing him for quite a while.

The trial court pointed out that the matter had been continued a total of 17 times and that it had been set for trial with subpoenas the last four times, as it was on that day. The court stated that if there were some problem, it should have been called to the court's attention prior to the day of trial. The court expressed the opinion that the purpose of the motion was to obstruct justice and to be dilatory.

Defense counsel responded that he had not been in touch with defendant for the last five or six months due to defendant's transfer from one prison to another. Prior to that time, many of the continuances were occasioned by other criminal trials at which defendant was also represented by Romanoff. Defendant suggested that he had lost faith in Romanoff due to the unsuccessful outcome in those cases. He also stated that he thought Romanoff was no longer his attorney. The assistant State's Attorney pointed out that defendant had had several months after his last conviction and sentence and prior to the time of trial to procure different counsel, during which period attorney Romanoff was active on his behalf.

The court denied the motion to withdraw as counsel. When defendant stated that he wanted to contact some witnesses, the court continued the cause until the next day, directing attorney Romanoff to make certain that defendant's witnesses were subpoenaed.

On the following day, attorney Paul Johnson appeared in the cause for the first time. He told the court that defendant had called him the day before to tell him that defendant's case was on trial. Johnson stated that he was not prepared to try the case. When the court informed him that Romanoff's motion to withdraw as counsel had been denied, Johnson attempted to withdraw his appearance, stating that he did not know that Romanoff, whom he characterized as a well-qualified lawyer, was on the case. When Romanoff once again expressed his desire to withdraw and defendant repeated his reservations about Romanoff, the court stated that the matter had been held over for trial and was going to proceed. The court then asked Johnson if he wished to remain of counsel with Romanoff; Johnson stated that he wanted to be excused from active participation because he knew nothing about the case. When the court repeated the offer, Johnson stated that he was actually on trial in another part of the city. Johnson then withdrew, whereupon Romanoff filed the motion in limine discussed in the first portion of this memo, and the trial ensued.

A defendant's right to be assisted by counsel includes the right to be represented by counsel of his own choice. (*E.g., Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55; *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116; *People v. Cohen* (1949), 402 Ill. 574, 85 N.E.2d 19.) However, "it is likewise true that such right may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime." (*People v. Solomon* (1962), 24 Ill. 2d 586, 590, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94.) Determination at the point at which a defendant's right to counsel of his choice unreasonably interferes with the administration of justice necessarily depends upon the particular facts and circumstances of each case. (*People v. Spurlark* (1978), 67 Ill. App. 3d 186, 197, 384 N.E.2d 767.) Thus, the granting of a continuance to permit substitution of counsel or preparation of a case, or both (as is implicit in the case at bar), is a matter resting within the sound judicial discretion of the trial court (*People v. Solomon* (1962), 24 Ill. 2d 586, 589, 182 N.E.2d 736), and the trial court's decision will not be disturbed absent an abuse of discretion. *E.g., People v. Solomon; People v. Spurlark.*

The question of the proper balance to be struck between the defendant's right to counsel of his choice and the public's need for efficient and orderly judicial administration has been confronted in numerous recent cases. Occasionally, the factual situations are extreme, displaying either a total disregard for the defendant's right to choose his own counsel

on the part of the trial court (see, *e.g., People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116; *People v. Clayborne* (1977), 47 Ill. App. 3d 202, 361 N.E.2d 1141; *People v. Potts* (1974), 17 Ill. App. 3d 867, 309 N.E.2d 35), or a wanton abuse of judicial patience on the part of the defendant. (See, *e.g., People v. Spurlark* (1978), 67 Ill. App. 3d 186, 384 N.E.2d 767.) More often, however, the facts fall between the extremes and the question of whether the trial court abused its discretion truly does depend upon the particular facts of each case. (Compare *People v. Friedman* (1978), 65 Ill. App. 3d 613, 382 N.E.2d 684 (finding a violation of the defendant's right to counsel of his choice), with *People v. Smrekar* (1979), 68 Ill. App. 3d 379, 385 N.E.2d 848; *People v. Johnson* (1978), 66 Ill. App. 3d 84, 383 N.E.2d 648; *People v. Isenberg* (1978), 60 Ill. App. 3d 325, 376 N.E.2d 778 (all upholding the trial court's denial of a continuance to procure substitute counsel); see also cases cited in *People v. Spurlark* (1978), 67 Ill. App. 3d 186, 197 n. 7, 384 N.E.2d 767.) Therefore, rather than recite the facts of each of these cases, we will simply examine the facts at bar in light of the controlling principles.

In the instant case, defense counsel's motion to withdraw and defendant's implicit request for a continuance came on the day the trial was to begin, October 15, 1977. Defendant's counsel had filed his appearance on April 27, 1976, and had been actively representing defendant at least since his arraignment on July 6, 1976. In the interim, defendant's counsel conducted discovery, filed a motion to suppress, and made motions to advance the cause for trial. In addition, 17 continuances were granted, at least some of which were at defendant's request. Also during this period, defendant's counsel represented him in several other matters, the last of which had concluded at least three months prior to the day trial was to begin, yet defendant made no attempt to discharge his existing counsel or to obtain new counsel. The first time that substitute counsel appeared was the day after the trial court had denied defense counsel's motion to withdraw but had continued the cause so defendant could procure, not substitute counsel, but witnesses. When he did appear, substitute counsel stated that he had been contacted for the first time only the day before, knew nothing about the case, was not prepared to try it, and was going to be trying a case elsewhere in the city that day, such that further continuance of the cause would have been necessary. In contrast, defendant's existing counsel was well prepared to try the case; thereafter he conducted able cross-examination and helped to lay the groundwork for the reversal of defendant's felony conviction in this court.

■■ Based on these facts, we cannot find that the trial court abused its discretion in denying defense counsel's motion to withdraw and defendant's request for a continuance. As in *People v. Johnson* (1978), 66 Ill. App. 3d 84, 91, 383 N.E.2d 648, the record reflects that the court's decision was based on the untimeliness of the motion and request, the

competence of defendant's existing counsel, and defendant's failure to have contacted substitute counsel by the day set for trial, although he had a reasonable time to do so. Moreover, there is no showing that the denial embarrassed the accused in preparing his defense or prejudiced his rights in any way. See, *e.g., People v. Solomon* (1962), 24 Ill. 2d 586, 589-91, 182 N.E.2d 736; *People v. Isenberg* (1978), 60 Ill. App. 3d 325, 376 N.E.2d 778.

Because we have found that defendant was not proved guilty of the felony charge of unlawful use of weapons, defendant's conviction and sentence on that count must be reversed. However, we have found no denial of defendant's right to counsel of his choice. Therefore, we affirm defendant's conviction on the misdemeanor charge of unlawful use of weapons and remand for imposition of a proper sentence. *People v. Edwards* (1976), 63 Ill. 2d 134, 140-41, 345 N.E.2d 496; *People v. Crawford* (1978), 59 Ill. App. 3d 211, 220, 375 N.E.2d 1314.

Reversed in part; affirmed in part; and remanded with directions.

DOWNING and PERLIN, JJ., concur.