THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ZOLA MAE BAILEY, a/k/a JANE DOE, Defendant-Appellant.

(No. 72-197;

Third District—June 18, 1973.

*Rehearing denied June 26, 1973.*

Whitney D. Hardy, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellant.

Thomas M. Pennell, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

By complaint, defendant, Zola Mae Bailey, was charged with the misdemeanor offense of battery. She pleaded guilty in the Circuit Court of Tazewell County and was sentenced to two years probation. She has appealed contending that her conviction and sentence were not in accord with applicable constitutional requirements.

The offense charged was described as occurring on March 18, 1972. A complaint was signed by the victim on March 20. Defendant was arrested on March 22 and released on bail secured by a real property bond of other persons. The case was continued until April 12 and on that date she appeared in court, pleaded guilty and was sentenced to probation with a special condition requiring payment of medical expenses of the victim.

On this appeal the defendant argues generally she was denied due process because the general procedure, statute and rules, failed to accord her fair treatment because she was indigent. In particular, defendant argues her right to legal representation was violated. On the other hand, the State argues the common law record shows defendant's plea of guilty was voluntary and the rules regarding legal representation of an indigent charged with a criminal offense were not applicable as defendant was not in fact imprisoned.

From the common law record there are three items which form the basis of this dispute and which are essential to our resolution of the issue.

At the bottom of defendant's copy of the complaint appears the following,

"Notice of Legal Rights

You are hereby notified that in connection with the charge in the complaint herein you are entitled to a trial by jury or by the Court without a jury and you are entitled to be represented by counsel of your choosing, with the right to have counsel ap-

pointed for you in cases involving a jail sentence upon a finding of guilty; * * *."

No verbatim transcript of the proceeding was made. On April 12 defendant signed a written plea of guilty. This document states that the defendant understood the nature of the charge against her and the penalty to which she could be subjected; also that she had a right to plead not-guilty, persist in the plea and to have a trial by jury. The plea further stated she understood a plea of guilty waived the right of trial and the right to confront witnesses against her. This plea also represented no force, threats or promises had been exerted to obtain the plea and she was 33 years old.

On April 12, the trial judge included the following in his order:

"The Court finds that the Defendant is of the age of 33 years or older; and further that Defendant is present in open Court and, being fully advised of his rights herein, understandingly waives his right to a jury trial [and] Enters a plea of guilty after being informed of the maximum penalty provided by law."

It is undisputed the record fails to show defendant was represented by an attorney and the parties concede in fact she was not so represented.

Defendant has referred to several constitutional provisions of this State and of the United States as they have been discussed and applied in the recent case of *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. As a general rule *Argersinger* declares that so far as legal representation is concerned there should be no differences based on whether the offense is regarded as serious or petty or whether it is classified as a felony or misdemeanor. According to *Argersinger,*

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony unless he was represented by counsel at his trial.

We need not consider the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved, however, for here petitioner was in fact sentenced to jail."

The *Argersinger* opinion was filed June 12, 1972 (after the conviction and sentence in the instant case), but in *People v. Morrissey,* 52 Ill.2d 418, 288 N.E.2d 397, and *People v. Coleman,* 52 Ill.2d 466, 288 N.E.2d 396, the court determined the rule of *Argersinger* was of such significance it was entitled to retroactive application. In *Argersinger, Morrissey* and *Coleman,* the defendants were charged with misdemeanors and received sentences of imprisonment. In the instant case the defendant did not receive a sentence of imprisonment and consequently, according to the State, the rule of *Argersinger* is not applicable.

Accepting for the purpose of argument the State's position that probation is not legally equivalent to a sentence of imprisonment, the fact is the *Argersinger* case does not decide that legal counsel is required only when imprisonment results, as distinguished from those cases where the offense is punishable by imprisonment but no imprisonment results, rather the court disclaims any intention of deciding the issue in advance of the fact. However, we find it unnecessary to decide whether the rule of *Argersinger* should apply to offenses because merely punishable by imprisonment, since in our opinion the procedure invoked in this case requires reversal for other reasons.

In our opinion, when the notice of rights included on the complaint is considered with the provisions of the guilty plea and the court's order, the patent ambiguities and conflicts in the documents and procedure are such that the voluntariness of the plea may be regarded at best as doubtful. The advice contained on the complaint is vague and falls short of advising a party charged as to whether they do or do not have a right to counsel if indigent. In fact, the most likely conclusion from such advise is that an attorney will be appointed if the offender is indigent, and the failure of the later procedure to deal with this subject at all is confusing. Even the State's position on this point is somewhat confusing because since defendant was advised of all of her rights according to the order of the court, it follows perhaps she was advised of her right to counsel. However, the record fails to indicate she was ever so advised and the written plea which is asserted to be the basis of defendant's waiver of her rights does not include any mention of legal representation, even assuming such a document is an appropriate basis for waiving rights described therein, without other indication of the defendant's understanding thereof.

Although we do not decide the issue in this case, it seems to us that based on practical and legal consideration, the better policy in misdemeanor cases would be for the court to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, sec. 402), where the offense charged is punishable by imprisonment. If offenses can be so described and categorized so that only a fine may be imposed, it might well be that a contrary result should ensue. See, *Gilliard v. Carson*, 348 F.Supp. 757.

For the foregoing reasons, the judgment of the Circuit Court of Tazewell County is reversed and remanded with directions that defendant be permitted to plead anew.

Reversed and remanded with directions.

ALLOY, P. J., and DIXON, J., concur.