THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROGER D. HEAL, Defendant-Appellant.

(No. 73-3; )

Second District—July 8, 1974.

Steven Helfer, Public Defender, of Oregon, for appellant.

Richard L. Caldwell, State's Attorney, of Oregon, for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Roger D. Heal was convicted of violation of section 11-709 of the Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—709) and fined $200 and costs. He appeals from this conviction on the grounds that (1) the court,· in assessing the fine, considered the evidence of previous traffic convictions. Defendant argues that this was improper because he was not shown to have been represented by counsel at such previous convictions, therefore, such convictions are not admissible, and (2) he was improperly charged because section 11—709 of the Code refers to improper lane usage and the facts do not constitute improper lane usage.

A verbatim transcript of the proceedings at the trial is not available for the reason that no court reporter was in attendance. The record on appeal, therefore, contains no testimony and the only statement of facts is the State's answer to a defense discovery motion requesting a statement of facts and the probation officer's report. A statement was prepared by defense counsel to be incorporated in the record in lieu of a verbatim transcript. However, since this statement was not stipulated to by the State's Attorney and since the defendant was in default as to time of filing his statement of facts, the judge did not allow the statement of facts to be made a part of the record.·

From the probation officer's report, however, and the State's answer to the defendant's discovery motion, it appears that the defendant went off the road on the right-hand side, spun around and went through a fence and into a field. According to the probation officer's report defendant had been to a wedding and had had a few beers. The incident occurred at about 1:50 A.M. The probation officer's report also indicated one reckless driving conviction, as the result of which defendant paid a $25 fine and six speeding convictions, all of which occurred between December 30, 1964, and April 8, 1971.

At the hearing in aggravation and mitigation the judge was furnished with the probation report and thus was apprised of the defendant's previous reckless driving and speeding convictions before assessing a fine of $200 against him. Defendant contends that the evidence of previous convictions induced the court to impose a heavier fine in this case than would otherwise have been imposed and that since there was no· evidence that he had had the benefit of counsel or had waived counsel on the occasions of these previous convictions, the convictions cannot properly be considered in assessing his present fine. Defendant further contends that the fact that they were admitted into evidence requires that the case be remanded for possible reduction of the fine.

Defendant cites two United States Supreme Court cases, *Burgett v. Texas* (1967), 389 U.S. 109, 19 L.Ed.2d 319, 88 S.Ct. 258, and *United*

*States v. Tucker* (1972), 404 U.S. 443, 30 L.Ed.2d 592, 92 S.Ct. 589, in support of these contentions. Both of these were felony cases where the disclosure to the trial court of previous offenses resulted in substantial penitentiary terms for the respective defendants. In those cases the United States Supreme Court held the evidence of previous convictions was improperly admitted where the defendants had not been represented by counsel at such convictions.

We see no parallel between these felony cases, punishable by penitentiary sentences under recidivist statutes, and the case before us. We are mindful, of course, that under *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792, and *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, the defendant has a right under the Sixth Amendment to the United States Constitution to be represented by counsel in State as well as Federal courts, even in misdemeanor cases. Those cases are reflected in the recent decisions of our supreme court in *People v. Morrissey* (1972), 52 Ill.2d 418, and *People v. Coleman* (1972), 52 Ill.2d 470.

However, in all the cases cited above there was evidence in the record that (1) the defendant was actually without benefit of counsel and did not knowingly waive counsel and (2) that the defendant's conviction, whether by reason of past or present crimes, resulted in a prison sentence.

There is nothing in the record before us to indicate that the defendant was without the benefit of counsel at his prior convictions or that he did not knowingly waive counsel.

The record here shows that the defendant stipulated to the correctness of the probation officer's report even though the defendant was certainly aware that the probation report and the information it contained would be considered by the court in connection with sentencing.

But, in any event, it is plain from a careful reading of *Argersinger* and the Illinois cases of *Morrissey* and *Coleman* which followed it, that they are founded on the underlying principle that a person should not be deprived of his liberty under any circumstances without the benefit of counsel to defend him against such a serious deprivation. Whether the punishment is for a felony or a misdemeanor, these cases tell us where one's personal liberty is at stake he is entitled as a matter of due process to the help and guidance of counsel. That such was the rationale of *Argersinger* is apparent from the language of the decision (407 U.S. at 37, 32 L.Ed.2d at 538), "that absent a knowing and intelligent waiver, no person *may be imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (Emphasis added.) That the decision reflects concern as to the

possibility of personal confinement is further emphasized by the following language (407 U.S. at 40, 32 L.Ed.2d at 540):

> "Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that *no imprisonment may be imposed*, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.
>
> The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy." (Emphasis added.)

It is apparent, therefore, that *Argersinger* is oriented toward cases resulting in a jail or prison sentence and the doctrine of that case should have no application *where no confinement was imposed.* We do not believe it was ever intended to be extended to a traffic case where no incarceration, but only a fine, had been imposed.

■■ Dealing with this point, the Texas Court of Criminal Appeals, in an opinion delivered March 27, 1974, held as follows:

> "[P]rior final convictions which are otherwise admissible may be used for the purpose of impeachment or enhancement of punishment even though obtained while the defendant was not represented by counsel and had not waived counsel, so long as the punishment assessed in the prior convictions did not include imprisonment." *Aldrighetti v. State*, 507 S.W.2d 770 at 772.

■■ It is our opinion, therefore, that misdemeanors generally, where no sentence of confinement is imposed, are outside the contemplation of *Argersinger.*

■■ Defendant also argues that he was convicted under the wrong section of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½). The complaint shows he was charged with violation of section 11—709 of the statute, whereas the defendant contends he should have been charged under another section. He does not specify which section would have been the correct one, although he suggests that perhaps section 11—704 would have been more appropriate. In any event, the brief statement of facts we have does not indicate that it was erroneous to have charged the defendant under section 11—709. Paragraph (a) of that section states, "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." While we do not have the verbatim transcript before us, inasmuch as

the facts we do know are not inconsistent with the charge under the language in section 11—709, we find no error. The judgment of the trial court is affirmed.

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.