THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES L. SCHULTZ, Defendant-Appellant.

(No. 73-147;

Second District—August 1, 1974.

*Rehearing denied September 27, 1974.*

William L. Balsley, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Thomas F. Sullivan, Jr., both of Model District State's Attorneys Office,

and Robert R. McWilliams, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant appeals his conviction of petty theft on a plea of guilty and his sentence of 1 year to the Illinois Department of Corrections. He contends that (1) the record fails to show that his guilty plea was made voluntarily, (2) he was deprived of a fair sentencing hearing and (3) his sentence was excessive.

Defendant was stopped at the door of an Osco Drug Store in Rockford after he was seen picking up a wrench and a set of wrenches (total value $7.48), hiding them on his person and attempting to leave the store without paying. The police were called and defendant was arrested.

At his arraignment defendant appeared without counsel and tendered a plea of guilty. The State's Attorney had no police report available and the matter was continued by the court "for purposes of determining whether or not the plea of guilty will be accepted and for sentencing if the plea is accepted."

At the continued hearing 4 days later the State's Attorney summarized the police report. When the defendant stated he did not disagree with anything in the report and that he pleaded guilty, the trial court accepted the guilty plea by announcing that it would enter a judgment of conviction.

Defendant was then engaged by the State's Attorney in a discussion of his prior record and acknowledged that he was on parole for car theft and had served 15 years in prison "for various things." The following colloquy then occurred:

"THE COURT: I want to see his entire record before I sentence him.

MR. KOSKI: [Prosecutor] Do you want to go back?

THE DEFENDANT: Well, I want to get my fine or whatever—to do six months or a year.

MR. KOSKI: Do you want to go back is that what you are telling the Court?

THE DEFENDANT: No, I don't want to go back. If it amounts to that why I want an attorney.

THE COURT: Do you want an attorney on the sentencing hearing?

THE DEFENDANT: But I don't feel it's necessary for a Petty Theft.

THE COURT: I will have you brought down at 1:30. I want to see what your further report is."

At the sentencing hearing the same afternoon the defendant stated to the court: "I expressed before I don't believe it was theft because I didn't get outside the building." Before the State's first witness, a correctional counselor employed by the Department of Corrections began his testimony, the trial court stated to the defendant: "Before we proceed I would like to know was your plea a voluntary one * * *." The defendant answered, "Yes."

After the examination was concluded the defendant had no questions to direct to the witness. Upon the recommendation of the State's Attorney the trial court then imposed the sentence of 1 year to the Department of Corrections. The defendant's comment was, "That is a heck of a deal for six dollars [sic]."

■■ We hold from the record here that the defendant did not make a knowing and intelligent waiver of counsel. He had stated firmly at the sentencing hearing that he did not "want to go back" to prison, stating: "If it amounts to that why I want an attorney." He added his "feeling" that counsel was not necessary "for a petty theft." In *People v. Pruitt* (1971), 2 Ill.App.3d 434, 436, we pointed out that in considering the words and conduct of the defendant we must indulge in every reasonable presumption against waiver of his constitutional right to counsel. In the case at bar there was no effective waiver of defendant's right to counsel.

■■ In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 32 L.Ed.2d 530, 538, 92 S.Ct. 2006, the United States Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

In view of our holding on this point we need not consider other contentions raised by the defendant.

The judgment of the Circuit Court of Winnebago County is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

T. MORAN, P. J., and SEIDENFELD, J., concur.