THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEAN KERNER, Defendant-Appellant.

(No. 73-133;

Fifth District—October 14, 1975.

Paul Bradley and Brenda E. Richey, both of State Appellate Defender's Office, of Chicago, for appellant.

Patricia Ferenbacher, State's Attorney, of Newton, for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, Dean Kerner, was charged by information with two offenses of driving while license suspended or revoked in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 6—303). He was found guilty of both offenses in a bench trial on January 5, 1973, and on February 8, 1973, was sentenced to two concurrent nine-month terms of imprisonment. From these two convictions defendant brings this appeal and raises two issues: (1) whether he was denied his right to counsel; and (2) whether the sentences were excessive. No brief has been filed on behalf of the State. Because we feel this case should be reversed on the first issue raised by defendant above we find it unnecessary to discuss the sentencing issue.

On November 11, 1972, the defendant appeared before the court for arraignment. After the court explained the nature of the charges to the defendant the following colloquy occurred between the court and the defendant:

> "The Court: In this situation you are entitled to be represented by an attorney throughout each stage of the proceeding. In addition, you have a right to a court appointed attorney in the event you are financially indigent and unable to provide the services of your own attorney. In addition, you are entitled to have your case continued or delayed to give you an opportunity to consult with an attorney, and finally you are entitled to have your case heard by a jury or by the court without a jury. Do you understand you have a right to be represented by a lawyer?
>
> A. Yes.
>
> The Court: Do you understand you have a right to a court appointed attorney in the event you do not have funds to provide the services of your own attorney?

A. Yes.

The Court: Do you understand you have a right to have your case continued or delayed to give you an opportunity to consult with an attorney?

A. Yes.

\* \* \*

The Court: Are you prepared at this time to state whether you are guilty of these charges or do you want some time to talk to a lawyer?

A. I am ready to state."

The defendant then went on to plead not guilty to both charges. Nothing further was said as to the defendant's ability to obtain counsel or as to whether he desired the court to appoint counsel.

Later during the proceeding there was some discussion between the defendant and the court concerning the forfeiture of $200 by the defendant for his failure to appear at an earlier hearing regarding these offenses. There is no other information in the record concerning the earlier hearing or the date on which it was to have been held. However, because of his loss of the $200 the defendant expressed his feeling that "[t]hese cases really ought to be throwed out of court." The judge treated this statement as a motion to dismiss and set November 14, 1972, for a hearing on the motion. On that date the defendant appeared, without counsel, and stated his reasons in support of the motion. The motion was denied, and the case was set for trial on December 15, 1972. No mention of counsel was made during the November 14, 1972, hearing.

On December 5, 1972, pursuant to the motion of the State's Attorney, the trial date was changed from December 15, 1972, to December 26, 1972, at 10 a.m. On the later date the cause was called for trial at 10 a.m. as scheduled. The defendant failed to appear and as a result, the trial judge ordered his bond forfeited. However, at 10:40 a.m. the defendant appeared in court, without counsel, and the following colloquy occurred:

"The Court: Where have you been?

Mr. Kerner: I have been working.

The Court: You're late and I am getting tired of it. I am going to set this down before another judge because I'm not fit to hear it."

The case was then set for January 5, 1973. On that date the defendant again appeared in court, without counsel, before a different judge, and the following colloquy occurred:

"The Court: I haven't looked at the file. I understand you entered a plea of not guilty and asked for a trial?

Mr. Kerner: I'm without counsel.

The Court: Have you ever asked for an attorney?

Mr. Kerner: Well, I might as well, I guess.

The Court: You had notice back on December 26th that this would be set for trial today.

State's Attorney: Up to this point, Mr. Kerner never asked for counsel. He had plenty of time to obtain one, I think it's about time we got it over with. It has been continued and continued and continued. I think he's had plenty of time.

The Court: This started in October of last year?

Mr. Kerner: Yeah.

\* \* \*

The Court: I was reviewing the record. It was continued several times, and you were advised of your rights, that you could have an attorney to represent you. When you come in on a late date, when everyone's here, and ask for an attorney, I think you waited too long. I think you should have done that a long time ago. I don't see why we shouldn't go to trial today. You are presumed to be innocent \* \* \*.

Mr. Kerner: I don't want to go to trial on it. I've got a right to an attorney.

The Court: Well, I've found you don't have a right to an attorney. When your rights were explained in November and you didn't ask for an attorney, and then you were in open Court in December and you didn't ask, you can't come in today and say I want an attorney. I think it's too late. So we'll proceed with trial."

The State presented two witnesses, the officers who had arrested the defendant for the two violations, and thereafter the defendant testified. Most of the defendant's testimony consisted of responses to questions asked of him by the court. The defendant presented no other witnesses. The court then found the defendant guilty. At the suggestion of the court the defendant requested probation, and the hearing on probation was set for January 30, 1973. No mention was made of the defendant's right to be represented by counsel at the hearing on probation.

The record shows that on January 16, 1973, the hearing on probation was continued to February 6, 1973. The record does not show the reason for the continuance or upon whose motion the continuance was granted. It is apparent from the record of the February 6, 1973, proceeding, however, that the continuance was not requested by the defendant. On that date the defendant appeared, without counsel, before a third judge. The defendant asked the judge why the hearing had been postponed from January 30 and pointed out that he had appeared on that date with

witnesses ready to testify in his behalf. The judge was unable to supply an answer. The defendant and the judge then agreed that the probation hearing should be held before the judge who had presided at the trial. The probation hearing was, therefore, set for February 8, 1973.

On February 8, 1973, the defendant appeared, without counsel, before the judge who had presided at the trial. The defendant's mother made a statement in his behalf, and the court received into evidence several letters written by persons in the defendant's behalf. The defendant and the State's Attorney also made statements and the court considered the probation officer's report. The court then denied probation and imposed the two nine-month sentences.

■■ In *Argersinger v. Hamlin*, 407 U.S. 25, 37, 32 L.Ed.2d 530, 538, 92 S.Ct. 2006, 2012, the Supreme Court of the United States stated:

> "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

The defendant in *Argersinger* had been sentenced to 90 days in jail; the court reversed the conviction without remandment.

Earlier the Supreme Court in *Carnley v. Cochran*, 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884, held that a trial without the assistance of counsel, when there had been neither an offer nor a knowing and intelligent waiver of counsel, violated the rights guaranteed the defendant by the fourteenth amendment.

In *People v. Hessenauer*, 45 Ill.2d 63, 256 N.E.2d 791, 794, the Illinois Supreme Court stated:

> "A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel."

In *People v. Slaten*, 13 Ill.App.3d 317, 300 N.E.2d 46, the defendant's conviction following a plea of guilty without the assistance of counsel was reversed. The court stated:

> "The record discloses that at no time during defendant's three appearances before the court was any inquiry made with a view to ascertaining whether or not defendant was indigent. At the time the plea was taken the court made no inquiry concerning defendant's ability to secure counsel or whether he had made any effort to do so, nor did he inquire whether or not defendant wished to proceed without counsel." 13 Ill.App.3d 317, 320.

Recently, this court in *People v. Melvin*, 28 Ill.App.3d 1090, 329 N.E.2d 890, discussed at length the right to counsel:

"There can be no question but that the defendant in the instant case was entitled to the assistance of appointed counsel if he was 'indigent.' [Citations.] While this right may be waived [citations], a finding of waiver is not lightly to be made [citations] and the record must show that an accused was offered counsel and that he intelligently and understandingly rejected the offer [citations]. And, while the constitution does not force a lawyer upon an accused [citations], in order to make certain that such accused fully understands his right to counsel and intelligently relinquishes that right, something more than a routine inquiry by the court is required. * * * Here the record discloses nothing from which it can be determined if defendant was indigent, nor does it disclose that he was ever advised that, if indigent, an attorney would be furnished at no cost to him." 28 Ill.App.3d 1090, 1092-93.

● 2 Several Illinois cases have been held that a defendant should not be allowed to use his right to obtain privately retained counsel as a weapon to cause an inordinate delay in the case coming to trial when the defendant is already represented by the public defender or other counsel. (*People v. Solomon,* 24 Ill.2d 586, 182 N.E.2d 736; *People v. Mitchell,* 33 Ill.2d 603, 213 N.E.2d 514; *People v. Gatheright,* 9 Ill.App.3d 1058, 293 N.E.2d 734.) However, we know of no Illinois case in which the defendant has been completely denied the assistance of counsel because of his attempts to put off the trial. Nor do we feel that a defendant could constitutionally be denied the assistance of counsel absent a determination of his ability to obtain retained counsel or his desire to have counsel appointed.

No doubt there were numerous delays before the outcome of the instant case was finally determined. Before the trial there were three delays which appear in the record. One delay was for the hearing on the motion to dismiss, and two were for changes in the date set for trial. The first delay resulted from the decision of the original judge to treat the defendant's statement as a motion to dismiss and to set a date for a subsequent hearing on the motion. The second delay resulted from the motion of the State's Attorney, and the third from the judge's unrequested removal of himself from the case. And after the trial, the probation hearing was delayed twice. It is clear that the first delay was not at the request of the defendant, and the second delay was brought about by the suggestion of the third judge involved in the case.

Although during the initial proceeding the defendant was advised of his right to counsel and to have counsel appointed if he was indigent, no determination of whether the defendant was indigent was ever made. (Contrast the instant case to *People v. Losacano,* 29 Ill.App.3d 103, 329

N.E.2d 835, in which the denial of the defendant's request for appointed counsel was held proper in light of the determination by the trial court that the defendant was not indigent.) Furthermore no mention of counsel was made during any of the proceedings after the initial proceeding with the exception of the trial discussion set forth above. During that discussion the trial judge stated, in effect, that the defendant had forfeited his right to counsel because he had not asked for counsel earlier and because the trial had been delayed for too long already. In a remarkably similar case this court recently has held this to be reversible error. *People v. Eickelman,* 32 Ill.App.3d 665.

Even if we were to find that defendant had inordinately delayed the trial (which we do not) we would have to hold that the defendant was denied his right to counsel because of the absence of a knowing and intelligent waiver of counsel at each critical stage. The judgments are, therefore, reversed.

Reversed.

KARNS and CARTER, JJ., concur.