THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STEVE WILLIS, JR., Defendant-Appellant.

First District (3rd Division)   No. 61356

Opinion filed October 21, 1976.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Steve Willis, Jr., was charged with the crime of unlawful use of a weapon within five years of his release from the penitentiary following a conviction for a felony. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b).) After a jury trial in the circuit court of Cook County, defendant was found guilty of that charge. He was sentenced to a term of three to nine years. On appeal defendant contends that the procedure by which defendant's prior conviction for a felony (armed robbery) was presented to the jury was fundamentally unfair, and that the State failed to prove him guilty of the crime beyond a reasonable doubt.

On October 20, 1972, at about 1:30 p.m., Officers James Ballauer and Richard Aguinaga of the Chicago Police Department were cruising in their marked police vehicle in the 1400 block of South Sawyer Avenue in Chicago. Both officers observed defendant and two other men standing on the sidewalk in front of 1441 Sawyer. The officer noticed defendant walk away from the two men into a vacant lot at 1443 Sawyer. The officers, suspicious of defendant's sudden movement, parked the squad car. Both officers had a clear and unobstructed view of the vacant lot. They watched defendant walk to a point two or three feet south of the building at 1441 Sawyer. At this time, defendant was approximately 50 to 60 feet from the officers. Both officers saw defendant crouch down and place an object on the ground. The officers did not know then what the object was. Before defendant crouched down, Officer Ballauer observed him move the clothing on his right side and remove the object either from his waist or pocket with his right hand. Officer Aguinaga first saw the object when defendant was placing it on the ground.

After commenting as to what defendant had done, the officers alighted from the squad car. While Ballauer stood with defendant's companions, Aguinaga walked to the place where the officers had seen defendant place the object on the ground. As Aguinaga was on his way to the lot, defendant walked back to the two men on the sidewalk. At the location where the officers had seen defendant place something on the ground, Aguinaga recovered a revolver containing ammunition.

The State also presented evidence that defendant had been convicted of armed robbery in 1967, and that he had been released from the penitentiary in October 1970.

Sherman T. Timmons, defendant's sole witness, testified that on the

date of the occurrence he lived in a first floor apartment at 1439 Sawyer. He was looking out his front window when he saw the squad car stop. Timmons observed the two officers get out of the car and approach defendant. One of the officers first searched defendant and then walked into the vacant lot. A few minutes later the officer returned from the lot carrying a gun. Timmons was unable to see how far the officer walked into the lot or where the officer picked up the gun. Timmons stated that defendant never moved from where he was standing until he was arrested by the officers. Timmons had been defendant's neighbor since 1969.

■■ Defendant's initial contention is that the procedure employed in presenting defendant's prior conviction for a felony to the jury was fundamentally unfair.

The first portion of this argument is that the trial court committed reversible error in not giving an instruction limiting the purpose for which the jury could consider evidence of defendant's prior conviction. In the trial of a felony unlawful use of weapons charge, a jury should be informed that proof of a former felony conviction is not evidence of guilt for the current charge, and that proof of the former conviction is to be used only for the limited purpose for which it was offered. (*People v. Johnson* (1975), 27 Ill. App. 3d 1047, 327 N.E.2d 219; *People v. Taylor* (1975), 31 Ill. App. 3d 20, 332 N.E.2d 735.) However, in the present case, defendant, in his written motion for a new trial, failed to object to the instructions given or to claim error in the failure to give certain instructions to the jury. In such instances, defendant is deemed to have waived error as to the instructions. (*People v. Riggins* (1958), 13 Ill. 2d 134, 148 N.E.2d 450; *People v. Neukom* (1959), 16 Ill. 2d 340, 158 N.E.2d 53.) More importantly, defendant did not submit any limiting instructions at trial. Indeed, 11 instructions were agreed upon at a conference, and the record discloses that defense counsel expressed satisfaction with the instructions which had been drafted and were subsequently given. Since defendant offered no limiting instruction on evidence admitted for a limited purpose, he cannot complain on appeal that the jury was not properly instructed. *People v. Walls* (1965), 33 Ill. 2d 394, 211 N.E.2d 699.

In defendant's second challenge to the procedure by which his prior conviction was presented to the jury, defendant maintains that the trial court abused its discretion when it allowed the prosecutor to read the conviction statement of defendant's prior conviction in its entirety to the jury.

Prior to trial, defense counsel argued that proof of defendant's prior conviction was relevant only to sentencing, and that it would be error for the jury to be made aware of his prior conviction. The trial court ruled that in view of the charge against defendant the jury would have to be informed of the prior conviction.

After trial began, defense counsel moved to prevent the prosecutor from reading the conviction statement to the jury. Counsel argued that the statement contained extraneous and prejudicial matter. He stated that he was willing to stipulate only that defendant previously had been convicted of a felony, but would not stipulate to defendant having been released from the penitentiary within five years. In the absence of a complete stipulation, the State, over defendant's objection, was permitted to read the conviction statement and to offer proof that defendant had been released from the penitentiary within the five years preceding the unlawful use of weapons offense.

Donald A. Kelly, identification supervisor from the Stateville Correctional Center, testified for the State that he supervised the fingerprinting of every prisoner admitted to or discharged from Stateville. At trial, Kelly fingerprinted the defendant and stated that the prints were the same as those taken from a Steve Willis who was released from Stateville in October 1970.

The prosecutor read the conviction statement to the jury as evidence of the prior felony conviction. The statement contained the information that the defendant had been charged by indictment "with the crime of robbery, et cetera," had pleaded not guilty, was tried by a jury, convicted, and was sentenced to four to six years for armed robbery.

Evidence of a prior conviction may be presented to the jury when a prosecution is brought under a State's enhanced penalty statute. (See *Spencer v. Texas* (1967), 385 U.S. 554, 17 L. Ed. 2d 606, 87 S. Ct. 648; *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499.) The reading of a conviction statement has been held to be an acceptable means of proving a prior conviction. *People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876; *People v. Johnson* (1975), 27 Ill. App. 3d 1047, 327 N.E.2d 219.

■■ Defendant contends that the reading of the conviction statement to the jury in the present case was improper because the statement contained the information that defendant had been indicted, pleaded not guilty, was tried by a jury, and was convicted of armed robbery. We do not agree. The statement in question did not contain particularly prejudicial matter requiring the trial judge to exclude it. In that regard, defendant's reliance on *People v. Perry* (1975), 35 Ill. App. 3d 50, 340 N.E.2d 585, is misplaced. In that case, defendant was tried for unlawful use of weapons within five years of his release for a prior murder conviction. To prove the prior murder conviction, the State offered the testimony of the clerk of the court. The clerk read to the jury the murder indictment including that portion which accused defendant of shooting the deceased in the head with a revolver. In addition to the plea of not guilty and the jury verdict, the clerk gave testimony as to a sentence of death for the prior murder, an affirmance of the prior conviction, and a

commutation of the death sentence. Additionally, in closing argument the prosecutor stressed the prior murder conviction. Although the court in *Perry* criticized the method used to prove the prior conviction, it affirmed the conviction before it. In the present case, the prosecutor read only the conviction statement. He did not attempt to present the prior indictment to the jury, made no reference to any details of the armed robbery, and made no improper statements in closing argument. Nor do we believe that the use of the phrase in the conviction statement "robbery, et cetera" resulted in any prejudice to defendant. We believe that it would be sufficient for the State in presenting defendant's prior conviction to the jury to limit the evidence to a simple statement that defendant had been convicted of a prior felony and had been released from the penitentiary at a time within the preceding five years. However, we conclude that the procedure employed in the present case in presenting defendant's prior conviction to the jury was permissible. Moreover, if the reading of the conviction statement to the jury constituted error, we would view it as harmless in light of the strong evidence of defendant's guilt adduced at trial. See *People v. Perry*.

■■ We consider defendant's argument that he was not proved guilty of the crime beyond a reasonable doubt to be without merit. Upon review, this court will not substitute its judgment of facts for that of the jury, and will reverse only when the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Novotny* (1969), 41 Ill. 2d 401, 244 N.E.2d 182.) We find that the testimony of the two police officers was consistent and credible. It was also sufficient to prove defendant guilty beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.