THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS BALDASAR, Defendant-Appellant.

Second District    No. 76-535

Opinion filed March 12, 1981.

Mary Robinson, of Elgin, and Ralph Ruebner, Peter B. Nolte, and Michael Mulder, all of State Appellate Defender's Office, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton, and Tyrone C. Fahner, Attorney General, of Chicago (Phyllis J. Perko and Robert J. Anderson, both of State's Attorneys Appellate Service Commission, and Michael B. Weinstein, Assistant Attorney General, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This case comes to us on remand from the United States Supreme Court as a consequence of its decision in *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585. In *Baldasar*, the Supreme Court reversed this court's judgment in *People v. Baldasar* (1977), 52 Ill. App. 3d 305, 367 N.E.2d 459, and remanded the cause to this court with instructions to conduct "further proceedings." Although unable to agree on a majority opinion, five members of the Supreme Court were of the opinion that a prior uncounseled misdemeanor conviction cannot be used collaterally to impose an increased term of imprisonment, or an enhanced penalty, upon conviction for a subsequent offense.

■■■ The court's opinion calls into question the constitutionality of the enhanced penalty provision of the theft statute. Upon consideration of the concurring opinions in *Baldasar*, we hold that section 16—1(e)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(e)(1)), which provides that a second or subsequent conviction for theft of property from the person and not exceeding $150 in value is punishable as a Class 4 felony, is unconstitutional as applied to defendant in this case, and is not unconstitutional on its face.

The State would have us merely reduce the felony conviction to a misdemeanor, reasoning that *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, upon which the Supreme Court relied in reversing Baldasar's conviction, requires that only that portion of the sentence attributed to the prior uncounseled conviction need be vacated. The defendant, however, urges that because the trial was itself prejudiced by admission of the prior conviction, *Burgett v. Texas* (1967), 389 U.S.

109, 19 L. Ed. 2d 319, 88 S. Ct. 258, requires that we remand for a new trial.

In *Burgett*, evidence of prior convictions was offered in accordance with a Texas recidivist statute at a trial for assault with intent to murder. The Supreme Court held that because the defendant was not represented by counsel at the prior felony trials in violation of *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, the prior convictions were constitutionally infirm, and the admission of these convictions in evidence at the subsequent trial was "inherently prejudicial." 389 U.S. 109, 115, 19 L. Ed. 2d 319, 325, 88 S. Ct. 258, 262.

Unlike *Burgett*, the prior conviction here, an uncounseled misdemeanor with no imprisonment, was not itself violative of the Constitution. Rather, it is the subsequent use of the conviction in the second trial to enhance a misdemeanor to a felony that has been declared unconstitutional. Therefore, by reducing the felony conviction to a misdemeanor it is plain that the *constitutional* infirmity could be cured.

Nevertheless, the courts of this State have long held that the admission of other crimes evidence is prejudicial error unless offered for certain narrowly defined purposes. (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288.) Although it is true that the admission of such evidence rarely presents a question of constitutional dimensions (*Spencer v. Texas* (1967), 385 U.S. 554, 17 L. Ed. 2d 606, 87 S. Ct. 648), the sole purpose for which the evidence was offered here, *i.e.*, to invoke an enhanced penalty for recidivist conduct, has been held unconstitutional. Thus, even though we could erase the constitutional error by reducing the conviction to a misdemeanor there would remain no valid evidentiary purpose to balance against the obvious prejudice that such evidence entailed when heard by the jury.

We therefore reverse and remand this cause for a new trial.

Reversed and remanded.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.