THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRY BAILEY, Defendant-Appellant.

Second District   No. 2—88—1255

Opinion filed August 17, 1990.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, John X. Breslin, and Rita Kennedy Mertel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Terry Bailey, was charged by indictment with the offenses of home invasion (Ill. Rev. Stat. 1987, ch. 38, par. 12—11), armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2), residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3), and unlawful use of weapons by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(a)). Following a jury trial, he was convicted of all four offenses and was sentenced to concurrent terms of 40 years' imprisonment for home invasion, 40 years' for armed robbery, and 5 years' for unlawful use of weapons. No sentence was entered on the residential burglary conviction. On appeal, defendant contends that the trial court erred in giving a jury instruction that permitted the jury to consider his prior residential burglary conviction as proof of criminal tendencies. We affirm.

During its case in chief, the State offered evidence of defendant's 1985 residential burglary conviction. Following defendant's testimony, the State also introduced evidence that defendant had been convicted of home invasion, attempted murder and robbery in 1980. During the instruction conference, the State tendered the following as People's instruction No. 8A:

"Evidence of a defendant's previous conviction of an offense may be considered by you only as it may affect his believability as a witness, and must not be considered by you as evidence of his guilt of the offense with which he is charged.

However, if you find that the defendant has been convicted of residential burglary under the laws of this state, you may consider that conviction in determining whether the offense of unlawful use of weapon by a felon has been committed."

The first paragraph of the above-quoted instruction is No. 3.13 of the Illinois Pattern Jury Instructions, Criminal (2d ed. 1981) (hereinafter IPI Criminal 2d); the second paragraph of the instruction is the

State's modification. Defendant objected to the modified instruction and requested that the unmodified IPI Criminal 2d No. 3.13 be given. The court accepted the State's modified instruction.

On appeal, defendant contends that the second paragraph of the instruction undermined the intended effect of the first paragraph of the instruction and allowed the jury to use a prior conviction "more generally." Defendant argues that "the jury was effectively authorized by this instruction to consider the defendant's prior residential burglary conviction for any purpose they wished—even to show criminal propensity." We disagree.

Defendant was charged with, among other things, unlawful use of weapons by a felon. The jury was instructed that to sustain that charge the State was required to prove beyond a reasonable doubt that (1) the defendant knowingly possessed a firearm on or about his person, and (2) the defendant had been convicted of the felony offense of residential burglary.

■■ Evidence of four prior convictions was introduced at trial. The home invasion, attempted murder and robbery convictions were offered only for impeachment purposes; the residential burglary conviction, however, was offered for the purpose of establishing an element of the offense of unlawful use of weapons by a felon, that is, that defendant had a prior felony conviction. Inasmuch as the prior convictions were admitted for different limited purposes, it was proper to provide instructions which differentiated those purposes. (See *People v. Baldasar* (1977), 52 Ill. App. 3d 305, 311, *rev'd on other grounds* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585.) It would have been error to instruct the jury to consider the residential burglary conviction only in weighing defendant's credibility, as defendant urged, because the prior conviction was an element of one of the offenses charged. See *People v. McGee* (1987), 165 Ill. App. 3d 833, 839-40.

If the unmodified IPI Criminal 2d No. 3.13 had been given to the jurors, and they followed the instruction, they would have been precluded from considering the evidence of defendant's residential burglary conviction for any purpose other than determining defendant's credibility and would, therefore, have been precluded from considering it for the purpose of determining whether defendant had a prior felony conviction. In effect, that instruction would have made it impossible to convict defendant of unlawful use of weapons by a felon. See *People v. Edwards* (1976), 63 Ill. 2d 134, 140.

■ The State offered the second paragraph to instruct the jury that the residential burglary conviction could be considered for other

than impeachment purposes. We do not believe, however, that it authorized the jury to use the residential burglary conviction for unlimited purposes, as defendant contends. The instruction focused the jury's consideration of the residential burglary conviction on the question of whether unlawful use of weapons by a felon had been committed. Although the instruction might have been more artfully drafted to specify that the conviction could be used only as proof of the prior conviction element of unlawful use of weapons by a felon, we conclude that when read in context with the instructions on the elements of that offense the instruction was proper.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

UNVERZAGT, P.J., and GEIGER, J., concur.